UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

JAMES JOHNSON,

            Petitioner,

  - against -

DALE ARTUS,

            Respondent.

------------------------------------------------------X

**MEMORANDUM**
**OPINION AND ORDER**

07 Civ. 5905 (SAS) (FM)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/28/09

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

       I have reviewed the Report and Recommendation of United States Magistrate Judge Frank Maas, dated February 20, 2009 ("R&R"), which recommends that the above-captioned habeas petition, brought pursuant to 28 U.S.C. § 2254 ("section 2254"), be denied and that a certificate of appealability not issue. On April 7, 2009, petitioner James Johnson, proceeding pro se, filed Petitioner's Reply To Report And Recommendation Of The Hon. Frank Maas (hereinafter referred to as the "Objections"). I have reviewed petitioner's Objections as well as the original section 2254 petition in detail. I have also reviewed the R&R for clear error.

       In his Objections, Johnson does not cite specific portions of the R&R to which he objects. Nor does he explain why Judge Maas' legal analysis is faulty

or incorrect with regard to any particular issue. Instead, Johnson simply restates the arguments he originally made in his section 2254 petition without explaining why the conclusions contained in the R&R are erroneous with regard to any of those claims.

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report.[1]

Objections to an R&R "are not a subsequent opportunity to reargue the merits of a case, they are an opportunity to demonstrate to this Court particular errors" in the reasoning of the Magistrate Judge.[2] "The purpose of the Federal Magistrates Act

---

[1] *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (cited in *United States v. Tortora*, 30 F.3d 334, 338 (2d Cir. 1994)).

[2] *Boulais v. United States*, No. 8:07-cv-00446-GRA, 2007 WL 4206568, at *3 (D.S.C. Nov. 26, 2007). *Accord Vega v. Artuz*, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a

was to promote efficiency of the judiciary, not undermine it by allowing parties to 'relitigate every argument which it presented to the Magistrate Judge.'"[3]

Therefore, "[a] [petitioner] may not simply address the same arguments that the magistrate judge considered and expect the Court to treat the filing seriously. Instead, a [petitioner] ought to explain to the reviewing Court, citing proper authority, why the magistrate judge's application of law to facts is legally unsound."[4] Furthermore, "when a party makes conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error."[5]

---

rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate's recommendations.").

[3] *Vega*, 2002 WL 31174466, at *1 (quoting *Camardo v. General Motors*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

[4] *Vega Colon v. Wyeth Pharm.*, No. 07-2090, 2009 WL 1164539, at *5 (D. P.R. May 1, 2009). *Accord Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) ("Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal.") (citing *Camardo*, 806 F. Supp. at 381-82; *Forsberg v. Always Consulting, Inc.*, No. 06 Civ. 13488, 2008 WL 5449003, at *4 (S.D.N.Y. Dec. 31, 2008) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument.") (quotation marks and citation omitted).

[5] *Sheridan v. Mariuz*, No. 07 Civ. 3313, 2009 WL 920431, at *1 (S.D.N.Y. Apr. 6, 2009) (citing *Renelique v. Doe*, No. 99 Civ. 10425, 2003 WL 23023771, at *1 (S.D.N.Y. Dec. 29, 2003)). *Accord Fabricio v. Artus*, No. 06 Civ.

Without more specific objections from Johnson, this Court has no basis to reject the findings and conclusions of Judge Maas which I have determined, on independent review, to be legally sound.[6] My review also failed to disclose any clear error on the part of the Magistrate Judge. Accordingly, I hereby adopt the thorough and thoughtful R&R in full and dismiss Johnson's habeas petition.[7] Furthermore, because I agree with Judge Maas that Johnson has not made a substantial showing of a denial of a constitutional right, as required by 28 U.S.C. § 2253(c)(2), I decline to issue a certificate of appealability.

---

2049, 2009 WL 928039, at * 1 (S.D.N.Y. Mar. 12, 2000). The Second Circuit, however, has not yet ruled on this issue. *See Porter-McWilliams v. Anderson*, No. 07 Civ. 407, 2007 WL 4276801, at *2 n.3 (S.D.N.Y. Dec. 3, 2007).

[6]  *See Barton v. Walker*, No. 99 Civ. 12016, 2003 WL 22118967, at *2 (S.D.N.Y. Sept. 12, 2003) ("Petitioner's Objections do not present arguments of substance which were not dealt with by Magistrate Judge Pitman and do not provide a basis for departing from the Report's recommendations."). *See also Jacobs v. Sherman*, No. 2:04-CV-106, 2006 WL 2644989, at *1 (W.D. Mich. Sept. 14, 2006) (finding no basis to reject the report and recommendation given the general statements and conclusions set forth in petitioner's objections), *aff'd*, 301 Fed. App'x 463 (6th Cir. 2008).

[7]  *See Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 Fed. App'x 230, 232 (2d Cir. 2006) ("The district court need not . . . specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's report and recommendation in its entirety."); *Searcy v. Broome*, No. 6:07-cv-0154-GRA-WMC, 2007 WL 4443062, at *1 (D.S.C. Dec. 14, 2007) ("In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.") (citing *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983)).

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         May 28, 2009

## - Appearances -

**Petitioner (Pro Se):**

James Johnson
03-A-4592
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

**For Respondent:**

Jennifer L. Johnson
Assistant Attorney General
Office of the Attorney General
 of the State of New York
120 Broadway
New York, NY 10271
(212) 416-8000